# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| ERIC SHERRON COATS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 11-4045-CV-C-NKL-P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Eric Sherron Coats's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court denies the motion.

## I.     Background

On April 3, 2009, a federal grand jury indicted Petitioner and various co-conspirators with multiple counts stemming from a drug trafficking enterprise. [Case No. 09-cr-04003-NKL, Doc. # 182]. On July 10, 2009, Petitioner pled guilty to three counts of the Superseding Indictment and acknowledged that there was a factual basis for the court to find him guilty of these crimes: Count 1, conspiracy to distribute more than 50 grams of cocaine base, cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; Count 35, possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C.

§ 924(c); and Count 40, conspiracy to possess and use firearms in furtherance of a drug trafficking operation in violation of 18 U.S.C. §§ 371 and 924(o).

At his sentencing hearing on April 8, 2010, Petitioner was sentenced to concurrent terms of 120 months' imprisonment on Counts 1 and 40, with a consecutive 60-month sentence on Count 35, for a total term of incarceration of 180 months. On January 27, 2011, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255. In his motion, Petitioner seeks an evidentiary hearing based on nine grounds, which are based on theories of inadequate assistance of counsel and prosecutorial misconduct.

## II.     Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id.* Moreover, a district court need not hold an evidentiary hearing in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Petitioner's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

## III.     Discussion

In his § 2255 motion, Petitioner asserts nine separate grounds for relief. All but the assertion of prosecutorial misconduct relate to ineffective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel, a petitioner must

demonstrate (1) that his counsel's performance was constitutionally deficient and (2) that the deficiency prejudiced the outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that counsel's "performance was so deficient as to fall below an objective standard of reasonable competence." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quotation omitted). Under the prejudice prong, the defendant "requires proof that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation omitted).

Petitioner was represented by two attorneys in this matter. On February 3, 2009, the court appointed Mr. Brian Stumpe to represent Petitioner. [Case No. 09-cr-04003-NKL, Doc. # 67]. Pursuant to Petitioner's request, Mr. Stumpe was replaced by Mr. John O'Connor on February 23, 2010. [Case No. 09-cr-04003-NKL, Doc. # 533]. Petitioner's Motion asserts that both Mr. Stumpe and Mr. O'Connor provided ineffective assistance in violation of his rights. Attorneys are presumed to be competent, "and the petitioner bears a heavy burden in overcoming the presumption." *Carpenter v. United States*, 720 F.2d 546, 548. Mere conclusory allegations are not sufficient evidence to rebut the presumption. *Id.*

### A. Ground One: Failure to Withdraw Petitioner's Guilty Plea

Petitioner asserts that Mr. O'Connor was ineffective for failing to file a motion to withdraw his guilty plea upon his request. A guilty plea may be withdrawn after the

plea is accepted, but before sentencing, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(a)(2).

Even if Petitioner's attorney had tendered Petitioner's plea withdrawal to the Court, Petitioner has failed to show a fair and just reason why the Court would have approved the request. Petitioner appears to argue that he had a fair and just reason to withdraw his guilty plea because he now claims to be innocent of Count 35, possession of a firearm in connection with drug trafficking. Included in Petitioner's brief is an affidavit from Dametrell Washington, Petitioner's brother, in which Mr. Washington claims ownership of both the drugs and gun at issue in the crimes charged against Petitioner. [Doc. # 4, at 51]. Petitioner, however, pled guilty to possession, not ownership, of the gun, and therefore Mr. Washington's affidavit does not bear on the substance of Petitioner's plea.

Because Petitioner has failed to show any fair and just reason why such a request would have been approved, the *Strickland* prejudice prong is not met, and this ground for relief is denied.

### B.    Ground Two: Multiplicitous Counts

Petitioner asserts that Counts 35 and 40 are multiplicitous, and that his attorney, Mr. Stumpe, was ineffective for allowing him to plead guilty. "An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438 (8th Cir. 2005). Where an act "constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses

or only one, is whether each provision requires proof of a fact which the other does not." *United States v. Wilkinson*, 124 F.3d 971, 975 (8th Cir. 1997) (quotation omitted).

Count 35 charges Petitioner with possession of a firearm in connection with drug trafficking, while Count 40 charges conspiracy to possess and use firearms in connection with drug trafficking. Though the evidence for both offenses relates to firearms in connection with drug trafficking, the elements of each offense require proof of different facts. Count 35 requires proof that the defendant possessed a firearm; Count 40 requires proof that the defendant conspired to possess and aid others to possess firearms.

Because each offense requires proof of some different fact, counsel was not ineffective for failure to raise a meritless multiplicity argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (Failure to pursue a "meritless argument cannot constitute ineffective assistance."). This ground for relief is therefore denied.

### C. Ground Three: Counsel Coerced Petitioner to Plead Guilty

Petitioner asserts that his attorney, Mr. Stumpe, coerced him to plead guilty. However, Petitioner presents no evidence of coercion, and offers only conclusory statements concerning coercion. Moreover, when petitioner was asked specifically during his plea hearing whether he had "been coerced in any way or by any person to enter this plea of guilty", he responded negatively. [Case No. 09-cr-04003-NKL, Doc. # 439, at 7-8, 13]. Statements given under oath "in open court carry a strong

presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Because Petitioner fails to show any evidence of coercion which would contradict his sworn testimony at his plea hearing, and because the record evidence demonstrates otherwise, this ground for relief is denied.

**D.    Ground Four: Prosecutorial Misconduct**

Petitioner alleges that the prosecutor threatened to arrest his fiancé and grandmother if he did not accept a guilty plea and that his guilty plea is therefore void. A guilty plea is void when induced by threats "which deprive it of the character of a voluntary act." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). "To constitute fear and coercion on a plea 'Petitioner must show he was subjected to threats or promises of illegitimate action' . . . ." *United States v. Goodman*, 590 F.2d 705, 711 (8th Cir. 1979) (quotation omitted).

Petitioner alleges that the prosecutor "threaten[ed] him before he entered into his plea agreement by stating [that] if he did not pled [sic] guilty he would arrest the petitioner's grandmother and girlfriend," who he claims are "innocent persons." [Doc. # 4, at 13]. In support, Petittioner submits two affidavits. First, Petitioner points to an affidavit from Deloris Coats, his grandmother, in which she claims that the prosecutor told Petitioner that she and Petitioner's fiancé would be arrested if he "didn't cooperate." [Doc. # 4, at 52]. Next, Petitioner cites to an affidavit from his fiancé,

Tiffany Vaughn, in which she alleges that Petitioner's attorney, John O'Connor, "contacted [her] but told [her] he thought it would be better for Eric just to plead guilty, because his family could be taken into custody." [Doc. # 4, at 54].

Neither of these affidavits asserts that the prosecutor lacked legitimate grounds to arrest Petitioner's grandmother or fiancé. Further, while Petitioner's grandmother and fiancé have not been charged with any crimes, the record indicates that the prosecutor had legitimate reasons to do so, which Petitioner does not refute. For example, Petitioner does not contest the Government's statement that he has "no family known to law enforcement not involved in the instant, or other criminal activity." [Case No. 09-cr-04003-NKL, Doc. # 83, at 4 (Motion for Detention Hearing)].

Because Petitioner fails to show any evidence of prosecutorial conduct which would amount to an illegitimate action, this ground for relief is denied.

**E.    Ground Five: Counsel Was Ineffective for Not Filing a Motion to Suppress**

Petitioner alleges that his attorney, Mr. Stumpe, was ineffective for failing to file a motion to suppress wiretap evidence at Petitioner's request. Absent "the reasonable probability that the motion would have been successful," a petitioner cannot prove the *Strickland* prejudice prong for an attorney's failure to file a motion. *Deroo v. United States*, 223 F.3d 919 (8th Cir. 2000).

Petitioner gives no indication why a motion to suppress the Government's wiretap evidence would have been successful. Indeed, the Court denied a similar motion concerning the same wiretap brought by one of Petitioner's co-conspirators. *United States v. Rogers*, 2009 WL 3161478.

Because Petitioner fails to show why a motion to suppress the evidence against him would have been successful, there is no prejudice for the failure to file one. This ground for relief is therefore denied.

**F.      Ground Six: Counsel was Ineffective for Failing to Challenge Petitioner's Relevant Conduct**

Petitioner alleges that his attorney, Mr. O'Connor, was ineffective for failing to challenge the relevant conduct attributed to him in the Presentence Investigation Report. Petitioner claims that the amount of drugs attributed to him exceeds the amount for which he was personally responsible, and that his sentence is therefore unjust.

Again, Petitioner's testimony during his plea hearing contradicts his allegations. Petitioner agreed that, during the period charged in Count 1, the conspirators "moved at least a kilogram of powder cocaine, and at least half a kilogram of 'crack' cocain as part of their joint activity." [Case No. 09-cr-04003-NKL, Doc. # 290, at 7].

Based upon this confession, Petitioner's sentencing range was based on an offense level of 34 [Case No. 09-cr-04003-NKL, Doc. # 448, at 8-9, 21 (Presentence Investigation Report)], which was then reduced due to acceptance of responsibility to

8

level 31, under U.S.S.G. § 2D1.1(c)(3).  [Case No. 09-cr-04003-NKL, Doc. # 677, at 2-3 (Sentencing Hearing)].  The resulting sentencing range, based on the Sentencing Guidelines, was from 135 to 168 months.

Petitioner's actual sentence for Count 1 was 120 months.  Thus, the Court has already granted a lesser sentence than that which the Sentencing Guidelines would have afforded him based on his admission.  The Petitioner fails to identify how he was prejudiced by receiving a sentence less than the range that corresponded to his admission.  Because there is no *Strickland* prejudice against the Petitioner, this ground for relief is denied.

**G.     Ground Seven: Counsel was Ineffective for Failing to Raise a Sentencing Disparity Argument**

Petitioner alleges that his attorney, Mr. O'Connor, was ineffective for failing to object to sentencing disparities between himself and his co-defendants.  While Petitioner's brief lists several co-defendants and the sentences which they received, conspicuously absent are the charges to which they pled.  The Government points out that none of Petitioner's listed co-defendants pled to the same offenses as did he.  Petitioner also fails to demonstrate any prejudice because he received the lowest sentence that was possible for the counts to which he pled.

Because Petitioner fails to show evidence of similarly situated defendants who received lesser sentences, this ground for relief is denied.

**H.    Ground Eight: Counsels were Ineffective for Allowing Petitioner to Plead Guilty to Count 35 and Count 40**

Petitioner alleges that his attorneys, Mr. Stumpe and Mr. O'Connor, were ineffective for allowing him to plead guilty to Count 35, possession of a firearm in connection with drug trafficking, and Count 40, conspiracy to possess firearms in connection with narcotics trafficking. Petitioner's reasoning is substantively similar to his allegations in Ground One, and he includes an affidavit pertaining to the ownership of the gun which he pled to possessing. [Doc. # 4, at 51]. Not included is any reason to dispute Petitioner's plea agreement, in which he admits to both Count 35 and Count 40.

Petitioner fails to show any prejudice suffered because of, nor any coercion by, his attorneys. For this reason, and for the reasons explained under Count One, this ground for relief is denied.

**I.    Ground Nine: Counsel was Ineffective for Allowing Petitioner to Plead Guilty to Count 35 and Count 40 in Violation of Double Jeopardy**

Petitioner alleges that his attorneys were ineffective for allowing him to plead guilty to Count 35, possession of a firearm in connection with drug trafficking, and Count 40, conspiracy to possess firearms in connection with narcotics trafficking. Petitioner believes that pleading guilty to both charges constitutes a violation of the Constitution's protection against double jeopardy. U.S. Const. amend. V. The Fifth

Amendment "protects against multiple punishments for the same offense." *Kentucky v. Hamilton*, 468 U.S. 1217, 1218 (1984) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner notes that Count 40, which provides for a base offense level of 34, allows for a two level increase for the "specific offense characteristic" of possession of a firearm in the conspiracy. U.S.S.G. § 2D1.1(b)(1) (2011) (Sentencing Guidelines for the United States Courts). Petitioner argues that pleading guilty to both Counts 35 and 40 could therefore result in double punishment for the use of the firearm. Petitioner admits, however, that the probation officer did not apply the two level increase for possession of a firearm. Indeed, the Sentencing Guidelines specifically forbid this type of double punishment, so Petitioner was at no time in jeopardy of receiving the two level increase. U.S.S.G. § 2K2.4 (2011).

Because petitioner was never in jeopardy of receiving double punishment, he fails to allege any *Strickland* prejudice occurred and this ground for relief is denied.

## IV. Certificate of Appealability

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Eric Sherron Coats's Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.


   s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: July 5,2011
Jefferson City, Missouri